## PLATT v. GROSS.

### (Supreme Court, Appellate Term. February 23, 1905.)

EXPRESS COMPANIES—REPAYMENT ON RESTORING LOST GOODS—EVIDENCE OF CONDITION.

An express company which paid for goods shipped by it and lost in transit, receiving an agreement that, if they were recovered and restored in the same condition as when shipped, the payment made by it should be refunded, is entitled to recover on evidence that when it tendered the goods they were in good condition and not damaged in any way, this raising a presumption, which must be overcome, that they were in the same condition as when shipped.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Thomas C. Platt, as president of the United States Express Company, against Morris Gross. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Boardman, Platt & Soley, for appellant.
Abraham Schepper, for respondent.

McCALL, J. In May, 1904, the defendant shipped by the United States Express Company a package, containing hats, to one Rabot, in Philadelphia, Pa. Subsequently a claim was made upon the plaintiff that the goods were lost in transit, and the plaintiff thereupon paid the defendant the sum of $36.25, the defendant agreeing in writing as follows:

"It is understood and agreed that in case these goods are recovered and restored in the same condition as when originally shipped the amount of this claim will be refunded to the United States Express Company."

The goods were recovered, and tendered to defendant, who refused to accept them, and this action was brought to recover said sum of $36.25, and at the close of the plaintiff's case the complaint, upon motion of the defendant, was dismissed for failure of proof.

One Wright, a witness for the plaintiff, testified, without objection, that, at or about the time the goods were tendered the defendant, he (witness) carefully examined each hat, checking them off from a list given him by the defendant; that the hats were all in the box, in good condition, and not damaged in any way. He also testified that the marking upon the box was that of the person

to whom the defendant had claimed he had sent the goods. This testimony was in no way disputed or discredited. It is true that this witness did not see the goods when originally shipped, but an examination made when the goods were offered to the defendant, which discloses that the goods are uninjured and in good condition, raises a presumption that justifies the court in finding that the goods are in the same condition as when shipped, and, unless such presumption is overcome, it should not be disregarded. The court below erred in dismissing the complaint for failure of proof, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.